## NOBLE HATTAWAY v. THE STATE.

No. 12775.   Delivered January 22, 1930.
Reported in 24 S. W. (2d) 46.

The opinion states the case.

*J. O. Duncan* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Aggravated assault is the offense; penalty assessed at a fine of twenty-five dollars.

The phase of the offense charged is that set forth in subdivision 1 of Art. 1147, P. C., 1925, which subdivision reads as follows:

"When committed upon an officer in the lawful discharge of the duties of his office, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty."

The alleged assault was upon Clint Reneau, a deputy sheriff. The following is a synopsis of the State's testimony: Appellant, a young man, had been arrested and put in jail for some reason. His fine had been paid and he had been released. He approached Nichols, a deputy sheriff, and uttered some abusive language. He said that if Nichols would take off his gun, he would whip him. Without making any assault upon Nichols, the appellant started away. Nichols directed that the appellant return, which he refused to do. Nichols then approached the appellant and took hold of him, intending to arrest him for the breach of the peace in the use of abusive language. The transaction occurred near the court house, and the appellant attempted to release himself from Nichols. Reneau, who was not present, at the time the conversation took place, but from a distance observed the struggle and went to the aid of Nichols. On direct examination, Reneau testified as follows:

"I got hold of one arm and Mr. Nichols got hold of the other. We were then just off the side walk and we got him to the court-house steps, and he hit me several times and jerked loose and I took my gun off to hit him and he dodged and the gun flew out of my hand, and he hit me up side the head and knocked me down."

On cross-examination the witness testified thus:

"I knew Mr. Nichols was trying to bring him to jail and I rushed up and got hold of him and he jerked loose from me. I was trying to hold him and I was going to hit him if he didn't behave and when I went to hit him, he dodged and I dropped the gun, then I turned around and he hit me. I did not tell him I was a deputy sheriff; he already knew that."

Appellant testified that as he was coming out of the court house, he observed Nichols. His further testimony, we quote:

"I walked by and told him I had two things to say to him and one of them was that he had given me a dirty deal and the other thing was that I would give him a whipping if he wasn't the law, and I believed I was man enough to do it. He ran up and grabbed me and I did not know who he was and jerked away from him, and Nichols—me when Reneau was holding me. I heard some other fellow say to 'Look out Noble, he is going to hit you,' and he hit me with the butt of his gun and it fell out of his hands, and Mr. Nichols hit me three or four times before Mr. Reneau got there."

Appellant said that he feared serious bodily injury from the attack. From his testimony, we quote further:

"I hit Mr. Reneau one time. There wasn't any use hitting him any more. I was not fighting. I was just trying to protect myself; any sane man would protect himself. Those officers tried to jump on me, and Clint Reneau hit me over the head with his gun."

From the appellant's testimony and from other corroborative testimony, it is apparent that the claim that the appellant had committed a breach of the peace was controverted. In his testimony he not only denied that he had used any abusive language, but insisted that he was assaulted by Nichols and by Reneau as well. The jury should have been instructed in substance that as a predicate for the arrest or for holding lawful the conduct of the officers, there must have been committed in their presence an offense justifying an arrest without a warrant. The appellant's effort to that end failed. He also made an unsuccessful attempt to have the issue of self-defense submitted to the jury, and it is the opinion of this court that the evidence called for a charge on that issue. From the appellant's testimony, it not only appears that he was first assaulted without lawful cause, but that violence was used upon him by Nichols and Reneau, also that the blow struck Reneau was responsive to his effort to strike the appellant with a pistol.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*